**H-U-S OF MINNESOTA, INC., and Daniel Milligan, Plaintiffs,**

**v.**

**HELP–U–SELL, INC., and the Mutual Benefit Life Insurance Company, Defendants.**

Civ. No. 3–91–482.

United States District Court,
D. Minnesota,
Third Division.

Sept. 20, 1991.

William E. Flynn and Joseph A. Thomson, Lindquist & Vennum, Minneapolis, Minn., for plaintiffs.

Bonnie M. Fleming and Thomas H. Bennin, Faegre & Benson, Minneapolis, Minn., and Thomas R. Karrenberg and Timothy W. Miller, Anderson & Watkins, Salt Lake City, Utah, for defendants.

## MEMORANDUM OPINION AND ORDER

DEVITT, District Judge.

### INTRODUCTION

Plaintiffs H–U–S of MN, Inc. (H–U–S) and Daniel P. Milligan (Milligan) commenced this action in Minnesota state district court, Scott County, against defendants Help–U–Sell, Inc. (Help–U–Sell) and the Mutual Benefit Life Insurance Company (Mutual Benefit) to rescind a franchise agreement and recover damages plaintiffs allege they sustained as a result of defendants' violations of the Minnesota Franchise Act. Defendants timely removed the action to federal court. Mutual Benefit moves the court to abstain from hearing and dismiss the complaint. For the reasons set forth below, the court will grant Mutual Benefit's motion to dismiss.

### BACKGROUND

The parties do not appear to dispute the facts pertinent to this motion. Milligan is a Minnesota resident and owns H–U–S, a Minnesota corporation and discounted com-

mission real estate franchisee with its principal place of business in Minnesota. Mutual Benefit is a New Jersey corporation. Plaintiffs allege that Mutual Benefit "[a]t all times material to this [action] ... held, or otherwise controlled, through itself or wholly-owned subsidiaries, all of the shares of Help–U–Sell, and controlled Help–U–Sell." Complaint at 2, ¶ 5.

Presumably because of financial difficulties, on July 16, 1991, a New Jersey Superior Court ordered Mutual Benefit into rehabilitation under authority of N.J.Stat. §§ 17B:32–6(k) and 17B:32–7.[1] The order of rehabilitation enjoins "plaintiffs or petitioners in any action against Mutual Benefit ... from ... bringing, maintaining or further prosecuting any action at law, suit in equity, special or other proceeding against Mutual Benefit." *In the Matter of the Rehabilitation of Mutual Benefit Life Insurance Co.*, No. C–91–00109, slip op. at 6 (Superior Court of N.J., Chancery Division July 16, 1991). Plaintiffs commenced this action on July 19, 1991, three days after the entry of the rehabilitation order in New Jersey.

## DISCUSSION

Mutual Benefit argues that New Jersey has created a complex regulatory scheme which is central to state interests and that continued pursuit of this action by plaintiffs will disrupt New Jersey's efforts to rehabilitate Mutual Benefit. Thus, Mutual Benefit contends, the court should, consistent with *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943), abstain from hearing this cause and dismiss plaintiffs' complaint. Plaintiffs respond (1) Minnesota state law controls the disposition of Mutual Benefit's motion to dismiss and requires that the motion be denied; (2) *Burford* abstention is not warranted because plaintiffs' claim against Mutual Benefit is small; and (3) assuming the court opts to abstain, the court should not dismiss this action but merely stay its prosecution.

The court first addresses whether *Burford* abstention is appropriate in this in-stance. Our Eighth Circuit Court of Appeals recently articulated the principles governing *Burford* abstention in a case involving an insurer ordered into rehabilitation under the Uniform Insurers Liquidation Act:

> *Burford* abstention applies when a state has established a complex regulatory scheme supervised by state courts and serving important state interests, and when resolution of the case demands specialized knowledge and the application of complicated state laws * * * In such cases, the exercise of federal jurisdiction would disrupt the state's regulatory scheme.

*Bilden v. United Equitable Insurance Co.*, 921 F.2d 822 (8th Cir.1990). In *Bilden*, the defendant insurance company moved the Eighth Circuit to abstain from hearing a post-trial appeal because defendant, eighteen months after the jury's verdict and approximately one month prior to oral argument before the court of appeals, had been placed under an order of rehabilitation in the state of Illinois. *Id.* at 825. The court recognized that Illinois had created a "complex regulatory scheme to govern insurance and that [the scheme] served important state interests," but refused to abstain because the action had nearly reached completion by the time defendant had been placed under the rehabilitation order. *Id.* at 827. The court concluded "that a decision on the merits of [the] appeal would have virtually no effect on the rehabilitation proceedings." *Id.* The court implicitly recognized, however, that its holding was inapplicable to cases, such as this one, commenced subsequent to the entry of a rehabilitation order. *Id.* at 826–27 n. 4.

Numerous courts have recognized that the regulation of insolvent insurance companies is an important state interest and that the Uniform Insurers Liquidation Act is a thorough and complex regulatory scheme. In *Chandler v. Omnicare/The HMO, Inc.*, 756 F.Supp. 187, 191–92 (D.N.J.1990), the district court abstained from jurisdiction over a case involving an

---

1. New Jersey has enacted the Uniform Insurers      Liquidation Act.

insolvent insurance company under an order of rehabilitation in the state of New Jersey. The court reasoned that continued prosecution of the action in federal court would "result in dissipation of the assets of an insolvent HMO in rehabilitation" and undermine the state's efforts at rehabilitating the insurer. *Id.* at 194. The court continued:

> Further, the federal issue present in this case is unresolvable without requiring the court to immerse itself in the technicalities of the state's scheme.

*Id.; see also Lac D'Amiante du Quebec v. American Home Assurance Company,* 864 F.2d 1033, 1043 (3d Cir.1988); *Martin Insurance Agency, Inc. v. Prudential Reinsurance Co.,* 910 F.2d 249, 252–55 (5th Cir.1990); *Hartford Casualty Insurance Company v. Borg–Warner Corp.,* 913 F.2d 419, 426 (7th Cir.1990) (in determining whether to abstain, court must consider larger state policies and not the "comparatively small stakes" involved in the litigation).

Under the weight of the foregoing precedent, and after examining the nature of plaintiffs' claims, the court concludes that abstention is appropriate with respect to plaintiffs' claims against Mutual Benefit. Because the court finds *Burford* abstention to be an appropriate ground for dismissal, the court does not address plaintiffs' argument that Minnesota state courts would not defer to the New Jersey rehabilitation proceeding. *See Martin Insurance Agency,* 910 F.2d at 255. Finally, plaintiffs request the court to stay, rather than dismiss this action. However, dismissal of the complaint is "a feature" of *Burford* abstention. *Bob's Home Service, Inc. v. Warren County,* 755 F.2d 625, 628 (8th Cir.1985). The complaint will be dismissed as against Mutual Benefit.

### ORDER

Based upon the foregoing, and all the files, briefs, and arguments of counsel,

IT IS ORDERED that:

Defendant Mutual Benefit Life Insurance Company's motion to dismiss is GRANTED.